*Lewis B. Thompson* v. *Judiah Ellsworth et al.* E. H. Rose-krans, for complainant; J. Ellsworth, in person. Application

<div style="margin-note">Appeal bonds.</div>

by complainant to dismiss an appeal brought by defendant Ellsworth, for irregularity. Decided that the 80th section of the title of the revised statutes relative to writs of error and appeals (2 R. S. 605.) which declares that an appeal shall not be effectual for any purpose until a bond to the adverse party in the penalty of $250, or a deposit of money, as security for the costs upon the appeal, shall be given or made, is not inconsistent with the provisions of the 60th section of the title relative to the Court of Chancery; but may be considered as a supperadded requisite to render the appeal valid and effectual.

That the " adverse party " within the intent and meaning of this 80th section and of the 116th rule of this court, means the party whose interest in relation to the subject of the appeal is in conflict with the reversal of the order or decree appealed from, or to the modification sought for by the appeal.

That where two or more persons have a common interest in resisting the reversal of the decree, or the modification which is sought for by the appellant, a joint bond to all of those respondents, is a sufficient compliance with the statute and the rule relative to appeals. And that it is not necessary for the appellant and his sureties to execute separate appeal bonds to each of the respondents in such a case.

But that where there are several respondents, having entirely distinct and conflicting interests in relation to the object sought for by the appeal, separate appeal bonds should be given, in order to make the appeal valid and effectual in reference to such adverse parties respectively.

That if a security is taken in the name of a married woman, during coverture, the husband may elect to treat it as his own property and bring a suit thereon in his own name, or, he may treat it as the property of the wife and a suit thereon in the name of both. *Securities taken in name of a feme covert, how to be sued on.*

That a defendant in a foreclosure suit is not entitled to have set off, against the mortgaged debt, an unliquidated claim for damages upon an injunction bond, which was given subsequent to commencement of suit.

The appeal, so far as it relates to the complainant and his rights, dismissed for irregularity, with costs to be taxed, but without prejudice to the right of appellant as against the other respondents.